AT

## DES MOINES, DECEMBER TERM, A. D. 1885,

IN THE THIRTY-NINTH YEAR OF THE STATE.

○

PRESENT:

Hon. JOSEPH M. BECK, CHIEF JUSTICE.
" AUSTIN ADAMS,
" WILLIAM H. SEEVERS, ⎫
" JOSEPH R. REED, ⎬ JUDGES.
" JAMES H. ROTHROCK. ⎭

---

THOMAS v. GRIFFITH ET AL.

1. **Specific Performance**: CONTRACT TO CONVEY LAND: EVIDENCE INSUFFICIENT. The evidence in this case (not set out in the opinion) *held* too vague and uncertain to warrant a decree for the specific performance of an alleged oral contract for the conveyance of land.

*Appeal from Louisa District Court.*

WEDNESDAY, DECEMBER 16.

ACTION for specific performance of an oral contract for the conveyance of real estate. Judgment for the plaintiff, and defendants appeal.

*Hurley & Hale* and *Boal & Jackson*, for appellants.

*R. Caldwell* and *Gray & Tucker*, for appellee.

SEEVERS, J.—John Griffith in his life-time owned the lands in controversy.   In 1874 he was indebted to several persons. Judgment had been rendered against him.   The evidence tends to show that the defendant D. L. Griffith was bound to pay the indebtedness, or a portion of it.   D. L. Griffith is the son of John Griffith, and it is possibly true that a portion of the indebtedness was incurred by John Griffith for his son, and that the latter was the principal debtor.   The plaintiff is the son-in-law of John Griffith.   The plaintiff claims that in 1874 he entered into a contract with John Griffith, whereby the latter, in consideration of the payment of said indebtedness by the plaintiff, agreed to convey to the plaintiff the land in controversy, and that the plaintiff entered into possession of the land under the contract.   The contract was not in writing.   At the time it is claimed to have been made, John Griffith and his wife resided on the land, and forty acres of it constituted their homestead is conceded.   They continued to reside on the land until they died.   John Griffith's death occurred in 1877, and his wife died in 1883.   It is sought to enforce the oral contract against the defendant D. L. Griffith as heir at law of John Griffith.

It should be stated that the land in controversy consists of seventy-five acres, and that, at the time the contract is claimed to have been made, John Griffith owned about 100 acres of other lands.   The evidence of the plaintiff and his wife as to the contract cannot be considered, for the reason that it relates to a personal transaction between the plaintiff and John Griffith who has deceased.   Code, § 3639.   But if their evidence were considered, it would not change the result.   We have read the evidence, and fail to find that John Griffith ever agreed to convey to the plaintiff the land in controversy.   The evidence is exceedingly vague and unsatisfactory.   One witness states that it was agreed by John Griffith, in considera-

tion of certain judgments paid by the plaintiff, that the latter should at "his death have all that was left." Upon John Griffith's expressing a willingness to make a deed to the plaintiff, the latter said "he didn't want a title in that way." At most, this amounts to a testamentary disposition of the property. Taking the whole evidence together, and giving it all the weight it is entitled to, we reach the conclusion without serious difficulty that it is insufficient in certainty to warrant a decree for specific performance. We do not deem it essential to set out the evidence, and such is not our custom.

REVERSED.